36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy K. WILLIAMS, Plaintiff-Appellant,
v.
Gregory A. LOWE, Commandant, United States Disciplinary
Barracks, Ft. Leavenworth, Defendant-Appellee.
 No. 93-3363.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 4, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Williams, a federal inmate and pro se litigant, filed a complaint against the Commandant of the United States Disciplinary Barracks in Fort Leavenworth, Kansas, for wrongfully confiscating Mr. Williams's celebrity photographs. The complaint was titled "Thieft [sic] of Personal Property, Immoral/Improper Charges of Solicitation/Prohibited Property." In order to establish jurisdiction, the district court construed this as a Bivens complaint. The district court assumed Mr. Williams was alleging a denial of due process when the prison confiscated his property.
 
 
 3
 The district court denied injunctive relief and issued an order to Mr. Williams to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. This matter is still pending before the district court.
 
 
 4
 Mr. Williams appeals the denial of injunctive relief asserting the Commandant's actions are "inconceivable, insupportable, fluid, illegal and immoral." He also asserts the actions in confiscating his property are in violation of various regulations.
 
 
 5
 It is a general rule that only final judgments may be appealed. See 28 U.S.C. 1291. Because there is no final judgment from the district court, we cannot address Mr. Williams's appeal on the merits of the case. The merits of the case have not been adjudicated; the litigation on the merits has not ended. However, a statutory exception to the finality rule provides jurisdiction for appeals from interlocutory orders denying injunctions. 28 U.S.C. 1292(a)(1). Therefore, we exercise jurisdiction only to the interlocutory order denying the injunction.
 
 
 6
 We review the denial of injunctive relief for abuse of discretion or legal error. Blango v. Thornburgh, 942 F.2d 1487, 1492 (10th Cir.1991). In his motion for injunctive relief, Mr. Williams requested the court order, in an emergency ruling, that the photographs be held by the court as long as the case is pending and that further searches for photographs be done in the presence of Mr. Williams. The district court considered the request and denied the motion.
 
 
 7
 We find the district court did not err in denying injunctive relief. Mr. Williams has failed to meet his burden by showing he will suffer irreparable harm without the injunction, the threatened injury outweighs the burden of the injunction upon the prison, the injunction is consistent with public interest, and there is substantial likelihood he will prevail on the merits of his suit. In reviewing Mr. Williams's request for an injunction, it appears Mr. Williams could be compensated for any harm resulting from the denial of the injunction if he succeeds on the merits of his case. There is no irreparable harm because "[i]njury is generally not irreparable if compensatory relief would be adequate." Tri-State Generation v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir.1986).
 
 
 8
 Accordingly, we AFFIRM the district court's orders.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470